1

2

3

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON**

**FOR THE COUNTY OF JACKSON**

| | |
|---|---|
| **HEATHER ARAGON**, an individual, | **Case No.** |
| **Plaintiff**, | **COMPLAINT (Wage Claim)** |
| v. | **Claims estimated to be approximately $247,178.83** |
| | **Subject To Filing Fee under ORS 21.160(1)(c)** |
| **RISE LAW GROUP INC.,** a domestic business corporation, | **Not Subject to Mandatory Arbitration** |
| **Defendant**. | **JURY TRIAL DEMANDED** |

Comes now the Plaintiff, Heather Aragon, by and through the attorneys at Schuck Law, LLC, and states and alleges as follows:

1.

At all material times, Defendant employed Plaintiff in Oregon.

2.

At all material times, Defendant was an Oregon corporation.

3.

At all material times, Defendant was doing business in Jackson County in Oregon.

4.

The Circuit Court of Oregon has personal jurisdiction over Defendant because it is an Oregon corporation and was created under the laws of Oregon.

///

Page 1 - Complaint

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

5.

The Circuit Court of Oregon has personal jurisdiction over Defendant because it is engaged in substantial and not isolated activities within this state, because the events set forth in this complaint occurred in Oregon and because the claims arise out of services actually performed by Plaintiff for the Defendant within Oregon.

6.

Plaintiff began working for Defendant on or about February 10, 2020 as a part-time, hourly discovery clerk.

7.

Plaintiff worked as a discovery clerk for Defendant from about February 10, 2020 - February 14, 2020. Defendant agreed to pay Plaintiff $17.00 per hour part-time for 32 hours per week of work. Plaintiff only worked in this position for about a week.

8.

From about February 18, 2020 - June 30, 2020, Plaintiff worked as a full-time legal assistant for Defendant. Defendant paid Plaintiff a salary of $3,500 a month.

9.

The salary in paragraph 8 above is the equivalent to $20.19 per hour.

10.

Defendant did not pay Plaintiff overtime when she worked more than 40 hours in a workweek as a legal assistant.

11.

From about July 2020 - June 15, 2021, Plaintiff worked for Defendant as a paralegal. Defendant paid her a salary of $4,000 per month.

12.

The salary in paragraph 11 above is the equivalent to $23.08 per hour.

///

Page 2 - Complaint

13.

Defendant did not pay Plaintiff overtime when she worked more than 40 hours in a workweek as a paralegal.

14.

From about June 16, 2021 - September 20, 2021, Plaintiff worked for Defendant as a paralegal.  Defendant paid Plaintiff a salary of $4,200 a month.

15.

The salary in paragraph 14 above is the equivalent to $24.23 per hour.

16.

From about October 1, 2021 to February 8, 2022, Plaintiff worked for Defendant as a senior paralegal.  Defendant paid Plaintiff a salary of $5,000 a month.

17.

The salary in paragraph 16 above is the equivalent to $28.85 per hour.

18.

Defendant did not pay Plaintiff overtime when she worked more than 40 hours in a workweek as a senior or lead paralegal.

19.

Defendant employed Plaintiff as an at-will employee.

20.

Defendant did not contract with Plaintiff to work for any specific period of time.

21.

As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

22.

During the course of Plaintiff's employment, Defendant allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendant.

Page 3 - Complaint

23.

During the course of Plaintiff's employment, Defendant allowed, suffered, and permitted Plaintiff to work hours, in excess of 40 hours per week.

24.

Defendant was required to maintain accurate records of all hours worked by Plaintiff, including all overtime hours, under the Fair Labor Standards Act ("FLSA") and Oregon law.

25.

Defendant did not track and maintain accurate records of all hours worked by Plaintiff, including all overtime hours.

26.

On or about February 8, 2022, Defendant fired Plaintiff.

27.

Plaintiff's employment for Defendant ended on February 8, 2022.

28.

Defendant was required to pay all earned and unpaid wages to Plaintiff by the next business day after Plaintiff's termination under ORS 652.140(1).

29.

Defendant was required to pay all earned and unpaid wages to Plaintiff by February 8, 2022.

30.

Plaintiff received a payment of wages from Defendant on or about February 9, 2022 via paper check.

31.

Defendant's payment of wages on February 9, 2022, did not include all wages Plaintiff earned during her last two pay periods.

///

Page 4 - Complaint

32.

Further, Defendant's payment of wages on February 9, 2022 did not include any unpaid overtime wages Plaintiff earned during her employment with Defendant.

33.

Plaintiff is still due unpaid regular wages, overtime wages, penalty wages and liquidated damages.

34.

Defendant fired at least two other employees on February 8, 2022, the same day as Plaintiff.

35.

On or about February 10, 2022, Plaintiff made a written demand via email to Defendant to correctly pay her final wages for work she performed in her final pay period.

36.

Plaintiff's February 10, 2022 written notice of nonpayment of wages included an estimate of the wages she was due.

37.

Plaintiff estimated she was due 28.6 hours of sick time and 19.5 hours of hourly wages.

38.

Plaintiff's February 10, 2022 written notice of nonpayment of wages also included enough information so that Defendant could estimate the amount of wages due.

39.

Defendant received Plaintiff's email on February 10, 2022, and responded with an email denying any wages were still due and owing Plaintiff.

40.

Defendant did not pay any wages to Plaintiff within 12 days of receiving Plaintiff's

Page 5 - Complaint

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

1  February 10, 2022 email.

2                                    41.

3        On or about April 7, 2022, Plaintiff's attorney mailed to Defendant a detailed written

4  notice of Plaintiff's wage claim and right to attorney fees before filing this complaint, which

5  is attached hereto as exhibit A and incorporated by reference as if fully set forth herein.

6                      **FIRST CLAIM FOR RELIEF**

7                   (FLSA Overtime, Liquidated Damages)

8                                    42.

9        Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

10                                   43.

11       Defendant is subject to the requirements of the Fair Labor Standards Act of 1938, 29

12  U.S.C. §§ 201-219 ("FLSA").

13                                   44.

14       Upon information and belief, Defendant has annual dollar volume of business of at

15  least $500,000.

16                                   45.

17       Defendant is also covered by the FLSA as being involved in interstate commerce.

18                                   46.

19       During the three year period of employment before filing of this case, Defendant

20  allowed, suffered and permitted Plaintiff to perform work in excess of 40 hours per week for

21  the benefit of Defendant.

22                                   47.

23       Defendant mis-classified Plaintiff as exempt from overtime during Plaintiff's entire

24  employment with Defendant.

25                                   48.

26       As a legal assistant working for Defendant, Plaintiff was not exempt from overtime

Page 6 - Complaint

1  under the FLSA.

2                                      49.

3       As a paralegal working for Defendant, Plaintiff was not exempt from overtime under

4  the FLSA.

5                                      50.

6       As a senior or lead paralegal working for Defendant, Plaintiff was not exempt from

7  overtime under the FLSA.

8                                      51.

9       Plaintiff estimates that she worked, on average, the following number of hours:

10

| Time Period | Average Hours Per Week |
|---|---|
| February to July 2020 | 72.5 |
| May to July 2020 | 55 |
| August to December 2020 | 80 - 90 |
| December 2020 to November 2021 | 80 - 90 |
| December 2021 - February 2022 | 45-50 |

16                                     52.

17      Defendant failed to pay Plaintiff 1 ½ times the regular rate for the hours Plaintiff

18  worked in excess of 40 hours for a single workweek as required by the FLSA and there

19  remains due unpaid overtime in an amount to be determined, and estimated to be between

20  $80,000 and $120,000, subject to amendment at and before trial to conform to available

21  evidence.

22                                     53.

23      Defendant failed to pay overtime wages and premium wages to Plaintiff as required by

24  the FLSA.

25                                     54.

26      Defendant was required to pay Plaintiff for all hours worked on Plaintiff's next

Page 7 - Complaint

1   regularly scheduled pay day.  ORS 652.120.

2                          55.

3        Defendant was required to pay Plaintiff for all hours worked on Plaintiff's next

4   regularly scheduled pay day under the FLSA.  *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993).

5                          56.

6        Defendant's conduct in failing to pay overtime wages and premium wages as alleged

7   herein was willful, and there remain due and unpaid overtime wages in amounts to be

8   determined but estimated to be $80,000 and $120,000, subject to amendment at and before

9   trial to conform to available evidence.

10                        57.

11        Plaintiff seeks damages in the form of overtime wages and overtime premium wages

12   for Defendant's failure to pay overtime wages in amounts to be determined.  In addition,

13   Plaintiff seeks liquidated damages under the FLSA in an amount to be determined; plus pre-

14   judgment and post-judgment interest on all damage amounts; costs and attorney fees under the

15   FLSA.  29 U.S.C. § 216(b) plus pre- and post-judgment interest in the amount of 9% per

16   annum incurred herein under ORS 82.010.

17                    **SECOND CLAIM FOR RELIEF**

18                    (Unpaid Wages, Penalty Wages

19                  Late Payment of Wages at Termination)

20                      58.

21        Plaintiff re-alleges all paragraphs as though fully alleged herein.

22                      59.

23        Defendant, as an employer in Oregon, is required to follow and comply with Oregon's

24   wage and hour laws and regulations.

25                      60.

26        Defendant was required to pay Plaintiff for all hours worked on Plaintiff's next

Page 8 - Complaint

1  regularly scheduled pay day under ORS 652.120 and ORS 653.010.

2                 61.

3        Defendant was required to pay Plaintiff all wages on payday, as required by ORS

4  652.120, and timely at the end of employment, as required by ORS 652.140.

5                 62.

6        Defendant failed to pay Plaintiff all wages earned in Plaintiff's final pay period of

7  work for Defendant.

8                 63.

9        During pay period January 16 - 31, 2022, Plaintiff was out sick for 3 days; however,

10  she worked for Defendant for an estimated 1.5 hours on January 31, 2022, and thus, she used

11  22.5 PTO/sick time hours.  Defendant paid Plaintiff a combined total of 8 hours of PTO and

12  sick time in that time period.  Because payroll had already run, she was paid her regular salary

13  for the other 14.5 hours and 14.5 hours was not deducted from her PTO or sick time balances.

14                 64.

15        During Plaintiff's final pay period of February 1 -16, 2022, Plaintiff was out sick with

16  covid from February 1 - 4, or for 32 hours.  Plaintiff also worked 9 hours on February 7 and 9

17  hours on February 8, 2022.

18                 65.

19        In pay period February 1 -16, 2022, Plaintiff had a balance of 23.17 PTO hours and 4

20  sick time hours showing on her pay stub.  Defendant was allowed to deduct 14.5 hours from

21  the PTO and sick time balance for the previous pay period, leaving Plaintiff with 8.67 PTO

22  hours and 4 sick time hours to use.

23                 66.

24        For the pay period of February 1 - 16, 2022, Plaintiff estimates that Defendant should

25  have paid her 12.67 in PTO and sick time hours and 18 hours of work time for a total of 30.67

26  hours at $28.85 per hour in the estimated amount of $884.83.

Page 9 - Complaint

67.

However, in pay period February 1 - 16, 2022, Defendant paid Ms. Plaintiff  only 21.84 hours for a gross total of $630.00.

68.

Plaintiff  estimates she is still due approximately $254.83 for work performed in her final pay period of work with Defendant and is entitled to an award of an estimated $254.83 pursuant to ORS 652.120 and ORS 652.140, subject to amendment at and before trial to conform to available evidence.

69.

However, if Defendant deducted more time from Plaintiff's PTO and sick time bank than were paid out, she may be due additional wages in PTO and/or sick time.

70.

Defendant possessed all information regarding the hours worked by Plaintiff and the amount of wages due Plaintiff.

71.

During the course of Plaintiff's employment, Defendant allowed, suffered, and permitted Plaintiff to work hours, in excess of 40 hours per week.

72.

Plaintiff was not exempt from overtime under Oregon law.

73.

Pursuant to ORS 653.261 and OAR 839-020-0030, Defendant was required to pay Plaintiff at the rate of 1 ½ times Plaintiff's regular rate of pay those hours worked in excess of 40 hours per week, when those wages were due.

74.

Defendant failed and refused to pay Plaintiff for the hours of overtime worked, when those wages were due, and there remains due and unpaid overtime wages as described in

Page 10 - Complaint

1  Plaintiff's First Claim for Relief.

2                                          75.

3          Defendant was required to pay Plaintiff for all overtime hours worked on Plaintiff's

4  next regularly scheduled pay day under ORS 652.120 and ORS 653.010.

5                                          76.

6          Defendant failed and refused to pay Plaintiff for all overtime hours worked, when

7  those wages were due, and there remains due and unpaid overtime wages estimated to be

8  $80,000 to $120,000.

9                                          77.

10         Defendant fired Plaintiff on February 8, 2022.

11                                         78.

12         Defendant was required to pay all of Plaintiff's wages on February 9, 2022.  ORS

13  652.140(1).

14                                         79.

15         Defendant failed to pay Plaintiff all wages leaving wages due and owing to Plaintiff.

16                                         80.

17         Defendant failed to make payment of all of Plaintiff's earned wages when due and

18  when required by ORS 652.140.

19                                         81.

20         Defendant knew it was not paying Plaintiff  wages for her work time, sick time, and

21  overtime, and intended to not pay Plaintiff.

22                                         82.

23         In failing to timely pay Plaintiff's wages at the end of employment, Defendant was a

24  free agent.

25                                         83.

26         In failing to timely pay Plaintiff's wages, Defendant determined its own actions.

Page 11 - Complaint

84.

In failing to timely pay Plaintiff's wages, Defendant was not responsible to, nor coerced by any other person, or entity, or authority.

85.

Defendant knew Plaintiff's employment for Defendant had ended.

86.

Defendant possessed all information regarding the hours worked by Plaintiff and the amount of wages due Plaintiff at termination.

87.

Defendant was capable of paying all Plaintiff's wages earned and due at termination.

88.

Defendant's failure to make payment of Plaintiff's final wages when due was willful and continued for not less than 30 days.

89.

Defendant failed to provide to Plaintiff an itemized wage statement as required by ORS 652.610(1)-(2).

90.

Defendant failed to make and keep accurate records of actual hours worked each week and each pay period by Plaintiff in violation of ORS 653.045.

91.

Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages estimated to be $6,924.00, pursuant to ORS 652.150 and subject to amendment at and before trial to conform to available evidence, for the continuation of Plaintiff's unpaid final wages for not less than 30 days.

92.

Because of Defendant's failure to pay Plaintiff's wages within 48 hours after they

Page 12 - Complaint

1    were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees,

2    pursuant to ORS 652.200.

3                                          93.

4           Plaintiff seeks statutory wages pursuant to ORS 652.150, and costs, disbursements and

5    attorney fees, pursuant to ORS 652.200 plus pre- and post-judgment interest in the amount of

6    9% per annum incurred herein under ORS 82.010.

7                                          94.

8           Plaintiff reserves the right to amend the complaint and/or move to conform with the

9    evidence at trial.

10          **WHEREFORE**, Plaintiff demands judgment from Defendant:

11   **Upon Plaintiff's claim for relief for failing to pay FLSA overtime wages**:

12   1.     Unpaid overtime wages in an amount to be determined, estimated to be between

13   $80,0000 and $120,000.00, subject to amendment at and before trial to conform to available

14   evidence.

15   2.     Liquidated damages under the FLSA estimated to be between $80,0000 and

16   $120,000.00, subject to amendment at and before trial to conform to available evidence.

17   3.     Pre- and post-judgment interest on all damage amounts in the amount of 9% per

18   annum incurred herein, pursuant to ORS 82.010.

19   4.     Costs, disbursements, and attorney fees under the FLSA.  29 U.S.C. § 216(b).

20   **Upon Plaintiff's claim for relief for failing to timely pay all wages on termination**:

21   1.     Unpaid wages estimated to be at least $254.83 in unpaid regular wages, $80,0000 and

22   $120,000.00 in overtime wages, subject to amendment at and before trial to conform to

23   available evidence.

24   2.     Penalty wages pursuant to ORS 652.150 in the amount of $6,924.00, subject to

25   amendment at and before trial to conform to available evidence..

26   3.     Pre- and post-judgment interest on all damage amounts in the amount of 9% per

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

1    annum incurred herein, pursuant to ORS 82.010.

2    4.    Costs, disbursements, and attorney fees pursuant to ORS 652.200.

3    **Upon any counterclaim or defense asserted by Defendant without a objectively**

4    **reasonable basis, or where Defendant disobeys a court order**:

5    1.    Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

6

7                        DATED:  April 20, 2022.

8

9                        s/ Stephanie J. Brown
                        Stephanie J. Brown, OSB 030019
10                        sbrown@wageclaim.org
                        Attorney for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 14 - Complaint

# SCHUCK LAW, LLC

### *Attorneys at Law*

208 E 25th Street • Vancouver, WA 98663
Telephone (360) 566-9243

STEPHANIE J. BROWN, Partner
    E-MAIL: sbrown@wageclaim.org            * Oregon License OSB 030019
    WEBSITE:  www.wageclaim.org            * Washington License WSB 42030

April 7, 2022

Rise Law Group Inc.
C/O Maryanne Pitcher, Registered Agent
23 Newton Street
Medford, OR 97501

**DEMAND FOR WAGES AND NOTICE OF WAGE CLAIM**
**ORS 652.150, 652.200, 653.055, and 653.261**
**Fair Labor Standard Act**

**Re: Unpaid Wages and Penalty Wages of Heather Aragon**

**BE AWARE AND TAKE NOTICE:**

Heather Aragon gives notice and demands full payment of all unpaid wages, compensation, liquidated damages, and penalty wages due by reason of her employment with Rise Law Group Inc. (hereinafter referred to as "Rise Law"). In general, Rise Law mis-classified Ms. Aragon as exempt from overtime thereby failing to pay her all overtime wages earned and due. Rise Law also failed to correctly and timely pay wages at termination.

**TO BE SPECIFIC:**

Ms. Aragon worked for Rise Law beginning on or about February 10, 2020 as a part-time, hourly discovery clerk. Ms. Aragon worked in that position for a short time. On or about February 18, 2020, Rise Law promoted Ms. Aragon to a full-time legal assistant, paying her a salary of $3,500 a month. In July 2020, Rise Law promoted Ms. Aragon to a paralegal, paying her a salary of $3,750 per month. On or about June 15, 2021, Rise Law gave Ms. Aragon a raise to $4,200 a month. On or about October 15, 2021, Rise Law promoted Ms. Aragon to senior paralegal, paying her a salary of $5,000 a month.

Except for the short time that Ms. Aragon worked part-time, she frequently and regularly worked more than 40 hours in a work week. However, Rise Law mis-classified Ms. Aragon as exempt from overtime and did not pay her any overtime wages as required by the Fair Labor Standards Act ("FLSA") and ORS 652.261. Instead, Rise Law paid her a salary that did not fully compensate her for the hours worked and wages earned.

Under the FLSA and ORS 652.261, Rise Law was required to pay Ms. Aragon 1 ½ times

Notice of Wage Claim - Heather Aragon
April 7, 2022
Page 2

her regular rate for the hours worked in excess of 40 hours in a single workweek.  Ms. Aragon's job duties as a legal assistant, paralegal and senior paralegal were not exempt duties or positions under either the FLSA or Oregon law.  Rise Law was required and failed to pay Ms. Aragon overtime.

Further, it is the employer's responsibility to make and keep records of each employee's actual hours worked   29 CFR § 516; ORS 653.045.  Rise Law failed to keep accurate records of Ms. Aragon's work time.  Because of this, Ms. Aragon will be entitled to all Rise Law's records supporting her allegations that she worked overtime.  For example, Ms. Aragon will be entitled to all text messages and emails between her and any Rise Law employee or client; all Clio records showing the time Ms. Aragon performed a function in that system; all computer login and outs; and any other documents or electronic data showing the time Ms. Aragon performed work for Rise Law or was not working due to illness, vacation or holiday.  Because Ms. Aragon does not have access to these records at this time, she can only estimate the hours worked and the amount of overtime wages due.

Without time records or all of the above documents, Ms. Aragon estimates she worked, on average, the following hours per week:

| Time Period | Average Hours Per Week |
|---|---|
| February to July 2020 | 72.5 |
| May to July 2020 | 55 |
| August to December 2020 | 80 - 90 |
| December 2020 to November 2021 | 80 - 90 |
| December 2021 - February 2022 | 45-50 |

This chart includes time Ms. Aragon spent working at home after leaving the office and on weekends.  Rise Law knew or should have known that Ms. Aragon was working overtime and failed to pay her for it.  Nor did Rise Law take action to stop Ms. Aragon from working these hours.  Instead, Rise Law accepted the benefit of Ms. Aragon's work time relying on the mis-classification as exempt.

Ms. Aragon estimates that she is due between $90,000 and $120,000 in overtime wages during the entire course of her employment with Rise Law.  Under the FLSA, Ms. Aragon is also due liquidated damages for the same amount of her unpaid overtime wages.  Further, Ms. Aragon is due penalty wages under Oregon law for 30 calendar days under ORS 653.055 in the estimated amount of $6,924.00 ($28.85 x 8 x 30).

On or about Tuesday, February 8, 2022, Rise Law terminated Ms. Aragon's employment.  Under ORS 652.140(1), Rise Law was required to pay all earned and unpaid wages, including all overtime wages, on or before the next business day – Wednesday, February 9, 2022.  Rise Law

Notice of Wage Claim - Heather Aragon
April 7, 2022
Page 3

paid Ms. Aragon's final wages on Wednesday, February 9, 2022 when Ms. Aragon picked up her check.  However, this check did not include all wages Ms. Aragon earned and that were due in her final pay period, nor any overtime wages Ms. Aragon earned during her employment.

During pay period January 16 - 31, 2022, Ms. Aragon was out sick for 3 days; however, she worked about 1.5 hours on January 31, 2022, and thus, she used 22.5 PTO/sick time hours. Rise Law paid Ms. Aragon a combined total of 8 hours of PTO and sick time in that time period. Because payroll had already run, she was paid her regular salary for the other 14.5 hours and 14.5 hours was not deducted from her PTO or sick time balances.  During her final pay period of February 1 -16, 2022, Ms. Aragon was out sick with covid from February 1st through 4th for 32 hours.  She also worked 9 hours on February 7th and 9 hours on February 8, 2022.

In pay period February 1 -16, 2022, Ms. Aragon had a balance of 23.17 PTO hours and 4 sick time hours showing on her pay stub.  Rise Law was allowed to deduct 14.5 hours from the PTO and sick time balance for the previous pay period, leaving Ms. Aragon with 8.67 PTO hours and 4 sick time hours to use.  Because Ms. Aragon was not exempt from overtime, she had to be paid for all hours she worked in that pay period as well.  For the pay period of February 1 - 16, 2022, Ms. Aragon estimates that Rise Law should have paid her 12.67 in PTO and sick time hours and 18 hours of work time for a total of 30.67 hours at $28.85 per hour in the estimated amount of $884.83.  For this pay period, Rise Law paid Ms. Aragon only 21.84 hours for a gross total of $630.00.  Ms. Aragon estimates she is still due approximately $254.83 for work performed in her final pay period of work with Rise Law.  However, if Rise Law deducted more time from Ms. Aragon's PTO and sick time bank than were paid out, she may be due additional wages in PTO and/or sick time.

Because overtime wages remain due, along with regular wages for work time in the final pay period, Rise Law failed to timely pay wages at termination under ORS 652.140(1).  Ms. Aragon is entitled to penalty wages under ORS 652.150.  Penalty wages are calculated at 8 hours per day times Ms. Aragon's $28.85 rate of pay, for each day that wages remain unpaid up to a maximum of 30 calendar days.  Ms. Aragon is due 30 calendar days of penalty wages in the estimated amount of $6,924.

Ms. Aragon is entitled to 9% interest on all unpaid and/or accrued amounts due, including penalty wages.  ORS 82.010 and *Russell v. US Bank Nat'l Ass'n*, 246 Or App 74 (2011).  Ms. Aragon is also entitled to recover her costs and attorney fees under ORS 652.200, 653.055 and the FLSA.

Ms. Aragon intends to file a claim for unpaid regular wages, unpaid overtime wages, liquidated damages, penalty wages, and costs and attorney fees against Rise Law.  All cure efforts shall be made through this office.  Ms. Aragon specifically requests all payments be by check.  Please note that any prior authorization for payment by any other means besides check, including but not limited to direct deposit or payroll card, are revoked and now invalid.

This letter also reminds Rise Law of its duty to preserve all documents potentially

Notice of Wage Claim - Heather Aragon
April 7, 2022
Page 4

relevant to any claims or defenses in a reasonably-anticipated lawsuit, and to request that, if not already done, Rise Law immediately place a litigation hold on its standard document destruction and retention policies, and take affirmative steps to prevent the destruction of potentially discoverable information relating to the subject matter set forth in this notice.

Failure to preserve potentially discoverable evidence may result in sanctions by a court. Those sanctions may include monetary fines, adverse inference jury instructions, default judgment, or any other relief the court would deem just and appropriate under the circumstances. The court can also hold managers personally responsible for the failure to preserve relevant evidence.

If you have questions, you should contact an attorney.  If you need help in finding an attorney, you should call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763, or toll-free at (800) 452-7636.

Sincerely,
*s/ Stephanie J. Brown*
Stephanie J. Brown


SJB:eac

1

2

3

4            **IN THE CIRCUIT COURT FOR THE STATE OF OREGON**

5                    **FOR THE COUNTY OF JACKSON**

6
**HEATHER ARAGON**, an individual,              **Case No.** 22CV13115
7
                                      **Plaintiff**,    **AMENDED COMPLAINT**
8                                                       **(Wage Claim)**
         v.
9                                                      **Claims estimated to be**
                                                       **approximately $247,178.83**
10
                                                       **Subject To  Filing Fee under**
11                                                      **ORS 21.160(1)(c)**
**RISE LAW GROUP INC.,** a domestic
12   business corporation, **MARYANNE**                  **Not Subject to Mandatory**
    **PITCHER**, an individual, and **JAMIE**            **Arbitration**
13   **HAZLETT**, an individual,
                                                       **JURY TRIAL DEMANDED**
                                      **Defendants**.
14

15
        Comes now the Plaintiff, Heather Aragon, by and through the attorneys at Schuck
16
Law, LLC, and states and alleges as follows:
17
                                          1.
18
        At all material times, Defendant Rise Law Group, Inc. employed Plaintiff in Oregon.
19
                                          2.
20
        At all material times, Maryanne Pitcher and Jamie Hazlett were employers and/or joint
21
employers of Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA").
22
                                          3.
23
        At all material times, Defendant Rise Law Group Inc. was an Oregon business
24
corporation.
25
///
26

Page 1 - Amended  Complaint

4.

At all material times, Defendant Maryanne Pitcher, an individual, was an Oregon resident and was domiciled in Oregon.

5.

At all material times, Defendant Jamie Hazlett, an individual, was an Oregon resident and domiciled in Oregon.

6.

At all material times, Defendant Rise Law Group Inc., Defendant Mayanne Pitcher and Defendant Jamie Hazlett (collectively referred to as "Defendants") were doing business in Jackson County in Oregon.

7.

The Circuit Court of Oregon has personal jurisdiction over Defendant Rise Law Group Inc. because it is an Oregon corporation and was created under the laws of Oregon.

8.

The Circuit Court of Oregon has personal jurisdiction over Defendants because they are engaged in substantial and not isolated activities within this state, because the events set forth in this complaint occurred in Oregon and because the claims arise out of services actually performed by Plaintiff for the Defendants within Oregon.

9.

At all material times, Maryanne Pitcher and Jamie Hazlett were the majority shareholders of Rise Law Group Inc.

10.

At all material times, Maryanne Pitcher and Jamie Hazlett were owners, co-owners, principals, shareholders, partners, and/or managing partners of Rise Law Group Inc.

11.

At all material times, Maryanne Pitcher is registered as the Secretary of Rise Law

Page 2 - Amended  Complaint

1  Group Inc. with the Oregon Secretary of State.

2                                      12.

3         At all material times, Defendant Jamie Hazlett is registered as the President of Rise

4  Law Group Inc. with the Oregon Secretary of State.

5                                      13.

6         Maryanne Pitcher and Jamie Hazlett are listed as Incorporators in Rise Law Group

7  Inc.'s Articles of Incorporation filed on December 13, 2019 with the Oregon Secretary of

8  State.

9                                      14.

10        Maryanne Pitcher is personally, individually, jointly, and severally liable for the

11 violations of the Fair Labor Standards Act ("FLSA) alleged herein.

12                                     15.

13        Jamie Hazlett is personally, individually, jointly, and severally liable for the violations

14 of the FLSA alleged herein.

15                                     16.

16        At all material times, Maryanne Pitcher and Jamie Hazlett were employers and/or joint

17 employers of Plaintiff within the meaning of the FLSA.

18                                     17.

19        At all material times, Maryanne Pitcher and Jamie Hazlett acted directly or indirectly

20 in the interest of Rise Law Group Inc. in relation to Plaintiff.

21                                     18.

22        At all material times, Maryanne Pitcher and Jamie Hazlett, had the power to hire and

23 fire Plaintiff and employees of Defendant Rise Law Group Inc.

24                                     19.

25        At all material times, Maryanne Pitcher and Jamie Hazlett hired Plaintiff and

26 determined Plaintiff's salary.

Page 3 - Amended  Complaint

20.

At all material times, Maryanne Pitcher and Jamie Hazlett each run, operate, and control Rise Law Group Inc. and its day-to-day operations.  They both make decisions concerning all firm employment matters, including but not limited to hiring, firing, work assignments, supervision, promotions, compensation, work schedules, working hours, pay rates, pay methods, overtime policies and practices. and employee relations policies.

21.

At all material times, Maryanne Pitcher and Jamie Hazlett maintained and controlled Rise Law Group Inc.'s payroll, time and employment records for Plaintiff and other employees employed by the firm.

22.

At all material times, Maryanne Pitcher and Jamie Hazlett  decided how, when and how much Plaintiff and other employees of Rise Law Group Inc. would be paid, whether Plaintiff and other employees would be paid a salary or by the hour, and whether Plaintiff and other employees would be exempt from overtime.

23.

At all material times, Maryanne Pitcher signed Plaintiff's final paycheck.

24.

At all material times, Maryanne Picher signs all checks for Rise Law Group Inc.

25.

At all material times, Maryanne Pitcher and Jamie Hazlett supervised Plaintiff and other employees, and determined Plaintiff's work schedule and job duties.

26.

At all material times, Maryanne Pitcher and Jamie Hazlett made the decision to and did fire Plaintiff.

///

Page 4 - Amended  Complaint

27.

At all material times, Maryanne Pitcher and Jamie Hazlett maintained employment records for Plaintiff and other employees.

28.

At all material times, Maryanne Pitcher and Jamie Hazlett made all decisions for Rise Law Group Inc. and all decision that affected Plaintiff and her job with Defendants.

29.

Plaintiff began working for Defendants on or about February 10, 2020 as a part-time, hourly discovery clerk.

30.

Plaintiff worked as a discovery clerk for Defendants from about February 10, 2020 - February 14, 2020.  Defendants agreed to pay Plaintiff $17.00 per hour part-time for 32 hours per week of work.  Plaintiff only worked in this position for about a week.

31.

From about February 18, 2020 - June 30, 2020, Plaintiff worked as a full-time legal assistant for Defendants.  Defendants paid Plaintiff a salary of $3,500 a month.

32.

The salary in paragraph 30 above is the equivalent to $20.19 per hour.

33.

Defendants did not pay Plaintiff overtime when she worked more than 40 hours in a workweek as a legal assistant.

34.

From about July 2020 - June 15, 2021, Plaintiff worked for Defendants as a paralegal. Defendants paid her a salary of $4,000 per month.

35.

The salary in paragraph 33 above is the equivalent to $23.08 per hour.

Page 5 - Amended  Complaint

1        36.

2        Defendants did not pay Plaintiff overtime when she worked more than 40 hours in a

3    workweek as a paralegal.

4        37.

5        From about June 16, 2021 - September 20, 2021, Plaintiff worked for Defendants as a

6    paralegal.  Defendants paid Plaintiff a salary of $4,200 a month.

7        38.

8        The salary in paragraph 36 above is the equivalent to $24.23 per hour.

9        39.

10        From about October 1, 2021 to February 8, 2022, Plaintiff worked for Defendants as a

11    lead or senior paralegal.  Defendants paid Plaintiff a salary of $5,000 a month.

12        40.

13        The salary in paragraph 38 above is the equivalent to $28.85 per hour.

14        41.

15        Defendants did not pay Plaintiff overtime when she worked more than 40 hours in a

16    workweek as a senior or lead paralegal.

17        42.

18        Except for when Plaintiff was paid hourly as a discovery clerk, Defendants paid

19    Plaintiff the same monthly amount of wages regardless of how many hours she worked.

20        43.

21        In an email sent to Plaintiff on February 10, 2022, Maryanne Pitcher wrote, in part,

22    "You were a salaried employee, so time over the normal work day was not paid as overtime.

23    Each day you were at the office, you were paid your normal salary rate for that day.  It is not

24    based on hours worked."

25        44.

26        Defendants employed Plaintiff as an at-will employee.

Page 6 - Amended  Complaint

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

45.

Defendants did not contract with Plaintiff to work for any specific period of time.

46.

As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

47.

During the course of Plaintiff's employment, Defendants allowed, suffered. and permitted Plaintiff to perform work for the benefit of Defendants.

48.

During the course of Plaintiff's employment, Defendants allowed, suffered, and permitted Plaintiff to work hours, in excess of 40 hours per week.

49.

Defendants were required to maintain accurate records of all hours worked by Plaintiff, including all overtime hours, under FLSA and Oregon law.

50.

Defendants did not track and maintain accurate records of all hours worked by Plaintiff, including all overtime hours.

51.

On or about February 8, 2022, Defendants fired Plaintiff.

52.

Plaintiff's employment for Defendants ended on February 8, 2022.

53.

Defendant Rise Law Group Inc. required to pay all earned and unpaid wages to Plaintiff by the next business day after Plaintiff's termination under ORS 652.140(1).

54.

Defendant Rise Law Group Inc. was required to pay all earned and unpaid wages to

Page 7 - Amended  Complaint

1  Plaintiff by February 9, 2022.

2                                           55.

3         Plaintiff received a payment of wages from Defendants on or about February 9, 2022

4  via paper check.

5                                           56.

6         Defendants' payment of wages on February 9, 2022, did not include all wages Plaintiff

7  earned during her last two pay periods.

8                                           57.

9         Further, Defendants' payment of wages on February 9, 2022 did not include any

10  unpaid overtime wages Plaintiff earned during her employment with Defendants.

11                                          58.

12        Plaintiff is still due unpaid regular wages, overtime wages, penalty wages and

13  liquidated damages.

14                                          59.

15        Defendants fired at least two other employees on February 8, 2022, the same day as

16  Plaintiff.

17                                          60.

18        On or about February 10, 2022, Plaintiff made a written demand via email to

19  Defendants to correctly pay her final wages for work she performed in her final pay period.

20                                          61.

21        Plaintiff's February 10, 2022 written notice of nonpayment of wages included an

22  estimate of the wages she was due.

23                                          62.

24        Plaintiff estimated she was due 28.6 hours of sick time and 19.5 hours of hourly

25  wages.

26  ///

Page 8 - Amended Complaint

1          63.

2          Plaintiff's February 10, 2022 written notice of nonpayment of wages also included

3    enough information so that Defendants could estimate the amount of wages due.

4          64.

5          Defendants received Plaintiff's email on February 10, 2022.  Maryanne Pitcher

6    responded via email denying any wages were still due and owing Plaintiff and cc'd Jamie

7    Hazlett on the email.

8          65.

9          Jamie Hazlett did not correct Maryanne Pitcher's February 10, 2022 email or ensure

10   Plaintiff's wages were paid.

11         66.

12         Defendants did not pay any wages to Plaintiff within 12 days of receiving Plaintiff's

13   February 10, 2022 email.

14         67.

15         On or about April 7, 2022, Plaintiff's attorney mailed to Defendants a detailed written

16   notice of Plaintiff's wage claim and right to attorney fees before filing this complaint, which

17   is attached hereto as exhibit A and incorporated by reference as if fully set forth herein.

18         68.

19         The April 7, 2022 written notice included an estimate of the amount of wages due

20   Plaintiff and enough information for Defendants to estimate the amount of wages due

21   Plaintiff.

22                        **FIRST CLAIM FOR RELIEF**

23                     (FLSA Overtime, Liquidated Damages)

24         Against Defendants Rise Law Group Inc, Maryanne Pitcher and Jamie Hazlett

25         69.

26         Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

Page 9 - Amended  Complaint

1          70.

2          Defendants are subject to the requirements of the Fair Labor Standards Act of 1938,

3    29 U.S.C. §§ 201-219 ("FLSA").

4          71.

5          Upon information and belief, Defendants have annual dollar volume of business of at

6    least $500,000.

7          72.

8          On information and belief, Defendants are part of an enterprise engaged in interstate

9    commerce with a gross business income of not less than $500,000.00 exclusive of excise

10   taxes.

11         73.

12         Defendants accept payment for their services through interstate commerce including,

13   but not limited to, checks and credit card payments.

14         74.

15         At all relevant times, Plaintiff engaged in interstate commerce within the meaning of

16   the FLSA.

17         75.

18         At all relevant times, Maryanne Pitcher and Jamie Hazlett acted directly or indirectly

19   in the interest of the Rise Law Group Inc. in relation to Plaintiff and has been an employer or

20   joint employer of Plaintiff within the meaning of the FLSA.

21         76.

22         At all relevant times, Maryanne Pitcher and Jamie Hazlett acted directly or indirectly

23   in the interest of the Rise Law Group Inc. by supervising Plaintiff and other employees,

24   assigning tasks to Plaintiff and other employees, and monitoring and approving the work

25   performed by Plaintiff and other employees.

26   ///

Page 10 - Amended  Complaint

77.

At all relevant times, Maryanne Pitcher and Jamie Hazlett were supervising attorneys and directly responsible for the work performed by Plaintiff.

78.

Maryanne Pitcher and Jamie Hazlett are personally, individually, jointly, and severally liable for the violations of the FLSA alleged herein.

79.

Defendants are also covered by the FLSA as being involved in interstate commerce.

80.

At all material times, Plaintiff was employed by Defendants within the meaning of the FLSA.

81.

During the three year period of employment before filing of this case, Defendants allowed, suffered and permitted Plaintiff to perform work in excess of 40 hours per week for the benefit of Defendants.

82.

Pursuant to the FLSA, Defendants were required to properly pay Plaintiff for all hours she worked over 40 in a workweek.

83.

Defendants classified Plaintiff as exempt from overtime during Plaintiff's employment with Defendants, except when Plaintiff worked as a discovery clerk for Defendants.

84.

Defendants mis-classified Plaintiff as exempt from overtime during Plaintiff's employment with Defendants, except when Plaintiff worked as a discovery clerk for Defendants.

///

Page 11 - Amended  Complaint

85.

Plaintiff's job duties while employed with Defendants did not meet the duties test for any exemption under the FLSA or Oregon law.

86.

As a legal assistant working for Defendants, Plaintiff was not exempt from overtime under the FLSA.

87.

As a paralegal working for Defendants, Plaintiff was not exempt from overtime under the FLSA.

88.

As a senior or lead paralegal working for Defendants, Plaintiff was not exempt from overtime under the FLSA.

89.

Plaintiff estimates that she worked, on average, the following number of hours:

| Time Period | Average Hours Per Week |
|---|---|
| February to July 2020 | 72.5 |
| May to July 2020 | 55 |
| August to December 2020 | 80 - 90 |
| December 2020 to November 2021 | 80 - 90 |
| December 2021 - February 2022 | 45-50 |

90.

Defendants failed to pay Plaintiff 1 ½ times her regular rate for the hours Plaintiff worked in excess of 40 hours for a single workweek as required by the FLSA and there remains due unpaid overtime in an amount to be determined, and estimated to be between $80,000 and $120,000, subject to amendment at and before trial to conform to available evidence.

Page 12 - Amended  Complaint

91.

Defendants failed to pay overtime wages and premium wages to Plaintiff as required by the FLSA.

92.

Defendants were required to pay Plaintiff for all hours worked on Plaintiff's next regularly scheduled pay day.  ORS 652.120.

93.

Defendants were required to pay Plaintiff for all hours worked on Plaintiff's next regularly scheduled pay day under the FLSA.  *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993).

94.

Defendants' conduct in failing to pay overtime wages and premium wages as alleged herein was willful, and there remain due and unpaid overtime wages in amounts to be determined but estimated to be $80,000 and $120,000, subject to amendment at and before trial to conform to available evidence.

95.

Plaintiff seeks damages in the form of overtime wages and overtime premium wages for Defendants' failure to pay overtime wages in amounts to be determined.  In addition, Plaintiff seeks liquidated damages under the FLSA in an amount to be determined; plus pre-judgment and post-judgment interest on all damage amounts; costs and attorney fees under the FLSA.  29 U.S.C. § 216(b) plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

///

Page 13 - Amended  Complaint

1      **SECOND CLAIM FOR RELIEF**

2      (Unpaid Wages, Penalty Wages

3      Late Payment of Wages at Termination)

4      Against Defendant Rise Law Group Inc.

5      96.

6      Plaintiff re-alleges all paragraphs as though fully alleged herein.

7      97.

8      Rise Law Group Inc., as an employer in Oregon, is required to follow and comply with

9  Oregon's wage and hour laws and regulations.

10      98.

11      Rise Law Group Inc. was required to pay Plaintiff for all hours worked on Plaintiff's

12  next regularly scheduled pay day under ORS 652.120 and ORS 653.010.

13      99.

14      Rise Law Group Inc. was required to pay Plaintiff all wages on payday, as required by

15  ORS 652.120, and timely at the end of employment, as required by ORS 652.140.

16      100.

17      Rise Law Group Inc. failed to pay Plaintiff all wages earned in Plaintiff's final pay

18  period of work for Defendant.

19      101.

20      During pay period January 16 - 31, 2022, Plaintiff was out sick for 3 days; however,

21  she worked for Rise Law Group Inc. for an estimated 1.5 hours on January 31, 2022, and thus,

22  she used 22.5 PTO/sick time hours.  Rise Law Group Inc. paid Plaintiff a combined total of 8

23  hours of PTO and sick time in that time period.  Because payroll had already run, she was

24  paid her regular salary for the other 14.5 hours and 14.5 hours was not deducted from her PTO

25  or sick time balances.

26  ///

Page 14 - Amended  Complaint

1          102.

2          During Plaintiff's final pay period of February 1 -16, 2022, Plaintiff was out sick with

3    covid from February 1 - 4, or for 32 hours.  Plaintiff also worked 9 hours on February 7, and 9

4    hours on February 8, 2022.

5          103.

6          In pay period February 1 -16, 2022, Plaintiff had a balance of 23.17 PTO hours and 4

7    sick time hours showing on her pay stub.  Rise Law Group Inc. was allowed to deduct 14.5

8    hours from the PTO and sick time balance for the previous pay period, leaving Plaintiff with

9    8.67 PTO hours and 4 sick time hours to use.

10          104.

11          For the pay period of February 1 - 16, 2022, Plaintiff estimates that Rise Law Group

12    Inc. should have paid her 12.67 in PTO and sick time hours and 18 hours of work time for a

13    total of 30.67 hours at $28.85 per hour in the estimated amount of $884.83.

14          105.

15          However, in pay period February 1 - 16, 2022, Rise Law Group Inc. paid Plaintiff

16    only 21.84 hours for a gross total of $630.00.

17          106.

18          Plaintiff  estimates she is still due approximately $254.83 for work performed in her

19    final pay period of work with Rise Law Group Inc. and is entitled to an award of unpaid

20    wages in the estimated amount of $254.83 pursuant to ORS 652.120 and ORS 652.140,

21    subject to amendment at and before trial to conform to available evidence.

22          107.

23          However, if Rise Law Group Inc. deducted more time from Plaintiff's PTO and sick

24    time bank than were paid out, she may be due additional wages in PTO and/or sick time.

25          108.

26          Rise Law Group Inc. possessed all information regarding the hours worked by Plaintiff

Page 15 - Amended  Complaint

1  and the amount of wages due Plaintiff.

2                                     109.

3         During the course of Plaintiff's employment, Rise Law Group Inc. allowed, suffered,

4  and permitted Plaintiff to work hours, in excess of 40 hours per week.

5                                     110.

6         Plaintiff was not exempt from overtime under Oregon law.

7                                     111.

8         Pursuant to ORS 653.261 and OAR 839-020-0030, Rise Law Group Inc. was required

9  to pay Plaintiff at the rate of 1 ½ times Plaintiff's regular rate of pay those hours worked in

10  excess of 40 hours per week, when those wages were due.

11                                    112.

12        Rise Law Group Inc. failed and refused to pay Plaintiff for the hours of overtime

13  worked, when those wages were due, and there remains due and unpaid overtime wages as

14  described in Plaintiff's First Claim for Relief.

15                                    113.

16        Rise Law Group Inc. was required to pay Plaintiff for all overtime hours worked on

17  Plaintiff's next regularly scheduled pay day under ORS 652.120 and ORS 653.010.

18                                    114.

19        Rise Law Group Inc. failed and refused to pay Plaintiff for all overtime hours worked,

20  when those wages were due, and there remains due and unpaid overtime wages estimated to

21  be $80,000 to $120,000.

22                                    115.

23        Rise Law Group Inc. fired Plaintiff on February 8, 2022.

24                                    116.

25        Rise Law Group Inc. was required to pay all of Plaintiff's wages on February 9, 2022.

26  ORS 652.140(1).

Page 16 - Amended  Complaint

117.

Rise Law Group Inc. failed to pay Plaintiff all wages leaving wages due and owing to Plaintiff.

118.

Rise Law Group Inc. failed to make payment of all of Plaintiff's earned wages when due and when required by ORS 652.140.

119.

Rise Law Group Inc. knew it was not paying Plaintiff wages for her work time, sick time, and overtime, and intended to not pay Plaintiff.

120.

In failing to timely pay all Plaintiff's wages at the end of employment, Rise Law Group Inc. was a free agent.

121.

In failing to timely pay all Plaintiff's wages at the end of employment, Rise Law Group Inc. determined its own actions.

122.

In failing to timely pay all Plaintiff's wages at the end of employment, Rise Law Group Inc. was not responsible to, nor coerced by any other person, or entity, or authority.

123.

Rise Law Group Inc. knew Plaintiff's employment for Rise Law Group Inc. had ended.

124.

Rise Law Group Inc. possessed all information regarding the hours worked by Plaintiff and the amount of wages due Plaintiff at termination.

125.

Rise Law Group Inc. was capable of paying all Plaintiff's wages earned and due at

Page 17 - Amended Complaint

1    termination.

2                                  126.

3        Rise Law Group Inc.'s failure to make payment of Plaintiff's final wages when due

4    was willful and continued for not less than 30 days.

5                                  127.

6        Rise Law Group Inc. failed to provide to Plaintiff an accurate itemized wage statement

7    as required by ORS 652.610(1)-(2).

8                                  128.

9        Rise Law Group Inc. failed to make and keep accurate records of actual hours worked

10   each week and each pay period by Plaintiff in violation of ORS 653.045.

11                                 129.

12       Because of Rise Law Group Inc.'s failure to make payment of final wages when due,

13   Plaintiff is due statutory penalty wages estimated to be $6,924.00, pursuant to ORS 652.150

14   and subject to amendment at and before trial to conform to available evidence, for the

15   continuation of Plaintiff's unpaid final wages for not less than 30 days.

16                                 130.

17        Because of Rise Law Group Inc.'s failure to pay Plaintiff's wages within 48 hours

18   after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable

19   attorney fees, pursuant to ORS 652.200.

20                                 131.

21       Plaintiff seeks statutory wages pursuant to ORS 652.150, and costs, disbursements and

22   attorney fees, pursuant to ORS 652.200 plus pre- and post-judgment interest in the amount of

23   9% per annum incurred herein under ORS 82.010.

24                                 132.

25       Plaintiff reserves the right to amend the complaint and/or move to conform with the

26   evidence at trial.

Page 18 - Amended Complaint

**WHEREFORE**, Plaintiff demands judgment from Defendants:

**Upon Plaintiff's claim for relief for failing to pay FLSA overtime wages against Defendants Rise Law Group Inc., Maryanne Pitcher, and Jamie Hazlett**:

1.      Unpaid overtime wages in an amount to be determined, estimated to be between $80,0000 and $120,000.00, subject to amendment at and before trial to conform to available evidence.

2.      Liquidated damages under the FLSA estimated to be between $80,0000 and $120,000.00, subject to amendment at and before trial to conform to available evidence.

3.      Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

4.      Costs, disbursements, and attorney fees under the FLSA.  29 U.S.C. § 216(b).

**Upon Plaintiff's claim for relief for unpaid wages and Rise Law Group Inc.'s failure to timely pay all wages on termination**:

1.      Unpaid wages estimated to be at least $254.83 in unpaid regular wages, $80,0000 and $120,000.00 in overtime wages, subject to amendment at and before trial to conform to available evidence.

2.      Penalty wages pursuant to ORS 652.150 in the amount of $6,924.00, subject to amendment at and before trial to conform to available evidence..

3.      Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

4.      Costs, disbursements, and attorney fees pursuant to ORS 652.200.

///

Page 19 - Amended  Complaint

1    **Upon any counterclaim or defense asserted by Defendant without a objectively**

2    **reasonable basis, or where Defendant disobeys a court order**:

3    1.        Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

4

5                                                    DATED:  May 5, 2022.

6

7                                                    s/ Stephanie J. Brown
                                                     Stephanie J. Brown, OSB 030019
8                                                    sbrown@wageclaim.org
                                                     Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 20 - Amended  Complaint

# SCHUCK LAW, LLC
### *Attorneys at Law*
208 E 25th Street • Vancouver, WA 98663
Telephone (360) 566-9243

STEPHANIE J. BROWN, Partner
    E-MAIL: sbrown@wageclaim.org                       * Oregon License OSB 030019
    WEBSITE:  www.wageclaim.org                      * Washington License WSB 42030

April 7, 2022

Rise Law Group Inc.
C/O Maryanne Pitcher, Registered Agent
23 Newton Street
Medford, OR 97501

### DEMAND FOR WAGES AND NOTICE OF WAGE CLAIM
### ORS 652.150, 652.200, 653.055, and 653.261
### Fair Labor Standard Act

**Re: Unpaid Wages and Penalty Wages of Heather Aragon**

**BE AWARE AND TAKE NOTICE:**

Heather Aragon gives notice and demands full payment of all unpaid wages, compensation, liquidated damages, and penalty wages due by reason of her employment with Rise Law Group Inc. (hereinafter referred to as "Rise Law").  In general, Rise Law mis-classified Ms. Aragon as exempt from overtime thereby failing to pay her all overtime wages earned and due.  Rise Law also failed to correctly and timely pay wages at termination.

**TO BE SPECIFIC:**

Ms. Aragon worked for Rise Law beginning on or about February 10, 2020 as a part-time, hourly discovery clerk.  Ms. Aragon worked in that position for a short time.  On or about February 18, 2020, Rise Law promoted Ms. Aragon to a full-time legal assistant, paying her a salary of $3,500 a month.  In July 2020, Rise Law promoted Ms. Aragon to a paralegal, paying her a salary of $3,750 per month.  On or about June 15, 2021, Rise Law gave Ms. Aragon a raise to $4,200 a month.  On or about October 15, 2021, Rise Law promoted Ms. Aragon to senior paralegal, paying her a salary of $5,000 a month.

Except for the short time that Ms. Aragon worked part-time, she frequently and regularly worked more than 40 hours in a work week.  However, Rise Law mis-classified Ms. Aragon as exempt from overtime and did not pay her any overtime wages as required by the Fair Labor Standards Act ("FLSA") and ORS 652.261.  Instead, Rise Law paid her a salary that did not fully compensate her for the hours worked and wages earned.

Under the FLSA and ORS 652.261, Rise Law was required to pay Ms. Aragon 1 ½ times

Notice of Wage Claim - Heather Aragon
April 7, 2022
Page 2

her regular rate for the hours worked in excess of 40 hours in a single workweek.  Ms. Aragon's job duties as a legal assistant, paralegal and senior paralegal were not exempt duties or positions under either the FLSA or Oregon law.  Rise Law was required and failed to pay Ms. Aragon overtime.

Further, it is the employer's responsibility to make and keep records of each employee's actual hours worked   29 CFR § 516; ORS 653.045.  Rise Law failed to keep accurate records of Ms. Aragon's work time.  Because of this, Ms. Aragon will be entitled to all Rise Law's records supporting her allegations that she worked overtime.  For example, Ms. Aragon will be entitled to all text messages and emails between her and any Rise Law employee or client; all Clio records showing the time Ms. Aragon performed a function in that system; all computer login and outs; and any other documents or electronic data showing the time Ms. Aragon performed work for Rise Law or was not working due to illness, vacation or holiday.  Because Ms. Aragon does not have access to these records at this time, she can only estimate the hours worked and the amount of overtime wages due.

Without time records or all of the above documents, Ms. Aragon estimates she worked, on average, the following hours per week:

| Time Period | Average Hours Per Week |
|---|---|
| February to July 2020 | 72.5 |
| May to July 2020 | 55 |
| August to December 2020 | 80 - 90 |
| December 2020 to November 2021 | 80 - 90 |
| December 2021 - February 2022 | 45-50 |

This chart includes time Ms. Aragon spent working at home after leaving the office and on weekends.  Rise Law knew or should have known that Ms. Aragon was working overtime and failed to pay her for it.  Nor did Rise Law take action to stop Ms. Aragon from working these hours.  Instead, Rise Law accepted the benefit of Ms. Aragon's work time relying on the mis-classification as exempt.

Ms. Aragon estimates that she is due between $90,000 and $120,000 in overtime wages during the entire course of her employment with Rise Law.  Under the FLSA, Ms. Aragon is also due liquidated damages for the same amount of her unpaid overtime wages.  Further, Ms. Aragon is due penalty wages under Oregon law for 30 calendar days under ORS 653.055 in the estimated amount of $6,924.00 ($28.85 x 8 x 30).

On or about Tuesday, February 8, 2022, Rise Law terminated Ms. Aragon's employment.  Under ORS 652.140(1), Rise Law was required to pay all earned and unpaid wages, including all overtime wages, on or before the next business day – Wednesday, February 9, 2022.  Rise Law

Notice of Wage Claim - Heather Aragon
April 7, 2022
Page 3

paid Ms. Aragon's final wages on Wednesday, February 9, 2022 when Ms. Aragon picked up her check.  However, this check did not include all wages Ms. Aragon earned and that were due in her final pay period, nor any overtime wages Ms. Aragon earned during her employment.

During pay period January 16 - 31, 2022, Ms. Aragon was out sick for 3 days; however, she worked about 1.5 hours on January 31, 2022, and thus, she used 22.5 PTO/sick time hours. Rise Law paid Ms. Aragon a combined total of 8 hours of PTO and sick time in that time period. Because payroll had already run, she was paid her regular salary for the other 14.5 hours and 14.5 hours was not deducted from her PTO or sick time balances.  During her final pay period of February 1 -16, 2022, Ms. Aragon was out sick with covid from February 1st through 4th for 32 hours.  She also worked 9 hours on February 7th and 9 hours on February 8, 2022.

In pay period February 1 -16, 2022, Ms. Aragon had a balance of 23.17 PTO hours and 4 sick time hours showing on her pay stub.  Rise Law was allowed to deduct 14.5 hours from the PTO and sick time balance for the previous pay period, leaving Ms. Aragon with 8.67 PTO hours and 4 sick time hours to use.  Because Ms. Aragon was not exempt from overtime, she had to be paid for all hours she worked in that pay period as well.  For the pay period of February 1 - 16, 2022, Ms. Aragon estimates that Rise Law should have paid her 12.67 in PTO and sick time hours and 18 hours of work time for a total of 30.67 hours at $28.85 per hour in the estimated amount of $884.83.  For this pay period, Rise Law paid Ms. Aragon only 21.84 hours for a gross total of $630.00.  Ms. Aragon estimates she is still due approximately $254.83 for work performed in her final pay period of work with Rise Law.  However, if Rise Law deducted more time from Ms. Aragon's PTO and sick time bank than were paid out, she may be due additional wages in PTO and/or sick time.

Because overtime wages remain due, along with regular wages for work time in the final pay period, Rise Law failed to timely pay wages at termination under ORS 652.140(1).  Ms. Aragon is entitled to penalty wages under ORS 652.150.  Penalty wages are calculated at 8 hours per day times Ms. Aragon's $28.85 rate of pay, for each day that wages remain unpaid up to a maximum of 30 calendar days.  Ms. Aragon is due 30 calendar days of penalty wages in the estimated amount of $6,924.

Ms. Aragon is entitled to 9% interest on all unpaid and/or accrued amounts due, including penalty wages.  ORS 82.010 and *Russell v. US Bank Nat'l Ass'n*, 246 Or App 74 (2011).  Ms. Aragon is also entitled to recover her costs and attorney fees under ORS 652.200, 653.055 and the FLSA.

Ms. Aragon intends to file a claim for unpaid regular wages, unpaid overtime wages, liquidated damages, penalty wages, and costs and attorney fees against Rise Law.  All cure efforts shall be made through this office.  Ms. Aragon specifically requests all payments be by check.  Please note that any prior authorization for payment by any other means besides check, including but not limited to direct deposit or payroll card, are revoked and now invalid.

This letter also reminds Rise Law of its duty to preserve all documents potentially

Notice of Wage Claim - Heather Aragon
April 7, 2022
Page 4

relevant to any claims or defenses in a reasonably-anticipated lawsuit, and to request that, if not already done, Rise Law immediately place a litigation hold on its standard document destruction and retention policies, and take affirmative steps to prevent the destruction of potentially discoverable information relating to the subject matter set forth in this notice.

Failure to preserve potentially discoverable evidence may result in sanctions by a court. Those sanctions may include monetary fines, adverse inference jury instructions, default judgment, or any other relief the court would deem just and appropriate under the circumstances. The court can also hold managers personally responsible for the failure to preserve relevant evidence.

If you have questions, you should contact an attorney.  If you need help in finding an attorney, you should call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763, or toll-free at (800) 452-7636.

Sincerely,
*s/ Stephanie J. Brown*
Stephanie J. Brown

SJB:eac

## IN THE CIRCUIT COURT FOR THE STATE OF OREGON
## FOR THE COUNTY OF JACKSON

| | |
|---|---|
| **HEATHER ARAGON**, an individual, | **Case No. 22CV13115** |
| **Plaintiff**, | |
| v. | **SUMMONS** |
| **RISE LAW GROUP INC.**, a domestic business corporation, **MARYANNE PITCHER**, an individual, and **JAMIE HAZLETT**, an individual, | |
| **Defendants**. | |

NOTICE TO DEFENDANTS:   **RISE LAW GROUP INC., MARYANNE PITCHER AND JAMIE HAZLETT**

### READ THESE PAPERS CAREFULLY!

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you.  If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

### NOTICE TO DEFENDANTS:
### READ THESE PAPERS CAREFULLY

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

Stephanie J. Brown, OSB 030019
sbrown@wageclaim.org
Of Attorneys for Plaintiff
208 E 25th Street Vancouver, WA 98663
(360) 566-9243

**STATE OF WASHINGTON, County of Clark ) ss**

I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

Stephanie J. Brown, OSB 030019
sbrown@wageclaim.org
Of Attorneys for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:**   You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

Stephanie J. Brown, OSB 030019
sbrown@wageclaim.org
Of Attorneys for Plaintiff

**SCHUCK LAW, LLC**
208 E 25th Street
Vancouver, WA 98663

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF JACKSON

HEATHER ARAGON, an individual,

                            **Plaintiff,**

    v.

RISE LAW GROUP INC., a domestic business corporation, MARYANNE PITCHER, an individual, and JAMIE HAZLETT, an individual,

                         **Defendants.**

Case No. 22CV13115

ACCEPTANCE OF SERVICE

On behalf of each of the above named Defendants, I accept service of Plaintiff's Summons, Complaint, and Requests for Production, which I received by email on May 31, 2022. I certify that I am authorized by each of the above named Defendants to accept service.

DATED:    June 7, 2022

Anthony Kuchulis OSB 083891
Sharon Bolesky OSB 062784
Attorneys for Defendants

Page 1 - Acceptance of Service