Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Sharon Bolesky, OSB No. 062784
sbolesky@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Telephone: 503.221.0309
Fax No.: 503.242.2457

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| HEATHER ARAGON,<br><br>Plaintiff,<br><br>vs.<br><br>RISE LAW GROUP INC., a domestic business corporation, MARYANNE PITCHER, and individual, and JAMIE HAZLETT, an individual,<br><br>Defendants. | Case No. 1:22-cv-00935-CL<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIMS |

Defendants RISE Law Group, Maryanne Pitcher, and Jamie Hazlett (collectively, "Defendants"), submit the following Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff's Amended Complaint as follows.

1.

Admit the allegations made in paragraphs 1, 2, 3, 4, 5, and 6.

///

PAGE 1 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

2.

Deny the allegations made in paragraphs 7 and 8.

3.

Admit the allegations made in paragraphs 9, 10, 11, 12, and 13.

4.

Deny the allegations made in paragraphs 14 and 15.

5.

Admit the allegations made in paragraph 16 (which is an exact duplicate of paragraph 2).

6.

Deny the allegations made in paragraph 17.

7.

Admit the allegations made in paragraphs 18, 19, 20, 21, 22, and 23.

8.

Deny the allegations made in paragraph 24.

9.

Admit the allegations made in paragraphs 25, 26, and 27.

10.

As to allegations made in paragraph 28, Defendants deny that Jamie L. Hazlett and Maryanne Pitcher made all decisions relating to Plaintiff's employment. As a manager and administrator, Plaintiff (along with others) also had decision making authority regarding job duties and the day-to-day role of her position.

11.

Admit the allegations made in paragraphs 29, 30, 31, and 32.

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

12.

Deny the allegations made in paragraph 33.

13.

Admit the allegations made in paragraphs 34 and 35.

14.

Deny the allegations made in paragraph 36.

15.

Admit the allegations made in paragraphs 37, 38, 39, and 40.

16.

Deny the allegations made in paragraphs 41 and 42.

17.

As to allegations made in paragraph 43, Defendants demur that the document speaks for itself but is also an incomplete record of the relevant communication and expressly deny that Plaintiff worked regular overtime.

18.

Admit the allegations made in paragraphs 44, 45, and 46.

19.

Deny the allegations made in paragraphs 47 and 48.

20.

Admit the allegations made in paragraph 49.

21.

Deny the allegations made in paragraph 50.

///

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

22.

Admit the allegations made in paragraphs 51 and 52.

23.

As to allegations made in paragraph 53, the sentence is incomplete and nonsensical and therefore cannot be answered. To the extent that paragraph 53 is a legal conclusion, no response is required.

24.

Deny the allegations made in paragraph 54.

25.

As to allegations made in paragraph 55, Defendants admit that they paid Plaintiff all wages due and owing in accordance with Oregon law. Defendants lack information to form a belief as to when Plaintiff received said payment, and therefore deny the allegation on that basis.

26.

Deny the allegations made in paragraphs 56, 57, 58, 59, 60, 61, 62, and 63.

27.

Admit the allegations made in paragraph 64.

28.

Deny the allegations made in paragraph 65.

29.

Admit the allegations made in paragraphs 66 and 67.

30.

As to allegations in paragraph 68, Defendants admit that Plaintiff sent correspondence with vague claims regarding disputed wage issues. Defendants deny that said correspondence

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

contained sufficient information to determine whether such wages were in fact owing or the amount thereof.

31.

As to allegations made in paragraph 69, Defendants admit and deny the re-allegations made as they are originally answered.

32.

Admit the allegations made in paragraphs 70, 71, 72, 73, and 74.

33.

Deny the allegations made in paragraph 75.

34.

Admit the allegations made in paragraphs 76 and 77.

35.

Deny the allegations made in paragraphs 78 and 79.

36.

Admit the allegations made in paragraph 80 (which is a duplicate of 2 and 16).

37.

Deny the allegations made in paragraphs 81 and 82.

38.

Admit the allegations made in paragraph 83.

39.

Deny the allegations made in paragraphs 84, 85, 86, 87, 88, 89, 90 and 91.

40.

Admit the allegations made in paragraphs 92 and 93.

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

41.

Deny the allegations made in paragraphs 94 and 95.

42.

As to allegations made in paragraph 96, Defendants admit and deny the re-allegations made as they are originally answered

43.

Admit the allegations made in paragraphs 97, 98, and 99.

44.

Deny the allegations made in paragraphs 100, 101, 102, 103, and 104.

45.

Admit the allegations made in paragraph 105.

46.

Deny the allegations made in paragraphs 106, 107, 108, 109, 110, 111, 112, 113, and 114.

47.

Admit the allegations made in paragraphs 115 and 116.

48.

Deny the allegations made in paragraphs 117, 118, 119, 120, 121, and 122.

49.

As to allegations in paragraph 123, Defendants admit that Plaintiff is no longer employed with or by Defendants.

50.

Denies the allegations made in paragraphs 124, 125, 126, 127, 128, 129, 130, 131, and 132.

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

51.

Except as expressly admitted, Defendants deny all remaining allegations contained in the Amended Complaint and the whole thereof, and by way of further defense allege the following affirmative defenses and counterclaims.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

52.

Plaintiff's claims are barred, in whole or in part, by her failure to state a claim for which relief can be granted. This is so, in part, because Plaintiff's Amended Complaint fails to assert how the alleged violations were "willful" under state or federal law and does not explain in sufficient detail how Plaintiff allegedly worked overtime if she properly captured her time in accordance with company policy

**SECOND AFFIRMATIVE DEFENSE**

**(Equitable Doctrines)**

53.

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, laches, and/or unclean hands. Plaintiff either falsified her time capture records, failed to record time accurately, or otherwise sought to disguise her actual hours worked in an effort to deceive Defendants regarding the extent or nature of her work. On such basis, Defendants have no obligation to pay wages for alleged undisclosed time worked.

///

///

///

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

54.

Furthermore, Plaintiff's allegations regarding her job duties, title, and managerial authority are intentionally misleading in a deliberate effort to avail herself to wage and hour laws that would not otherwise be applicable.

55.

Finally, Plaintiff was a sophisticated employee who understood her job, pay structure, and the difference between exempt and non-exempt employee status, and yet, despite this, deliberately mislead Defendants regarding the correct classification of her work, with the intent of retaliating against Defendants at a later date by filing this action.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

56.

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations. Furthermore, any inadvertent wage miscalculation by Defendants was not "willful" under statute and is therefore subject to the shortened limitations period under the rules.

**FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith/Legitimate Business Interests)**

57.

Defendants' actions, with respect to the allegations contained in Plaintiff's Complaint, were undertaken in a good faith effort, made with good cause, and justified by legitimate business motives, purposes, and reasons with the absence of intent to injure Plaintiff, and constituted lawful, proper, and justified activities.

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

58.

Defendants' good faith in classifying Plaintiff as exempt or non-exempt is objectively verifiable based on Plaintiff's affirmative consent to the arrangement as indicated by her agreement to the same and failure to raise concerns or objections prior to when her employment ended and recent efforts to retaliate against Defendants for proceeding with a lawful termination of her employment.

**FIFTH AFFIRMATIVE DEFENSE**

**(Offset)**

59.

The damages allegedly sustained by Plaintiff must be offset in whole or in part by amounts already collected by Plaintiff and/or owing to, and damages suffered by, Defendants. Plaintiff received regular pay for both exempt and non-exempt tasks when performed. To the extent that Plaintiff did work overtime, proper compensation for such time was paid by Defendants when due and owing and any alleged judgment should be offset by that amount.

**SIXTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

60.

Plaintiff's claims allege that she was not paid for work, which she actually received full pay and the legal maximum of potential penalty wages for, despite a dispute regarding whether she had actually worked the time in question. Therefore, any claims related to pay or compensation are not appropriate support for these claims and should be dismissed based on Defendants' accord and satisfaction of those alleged sums.

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

**RESERVATION OF RIGHTS**

61.

Defendants have not yet completed an exhaustive investigation into, or discovery of, the allegations, facts, and circumstances of the subject matter of Plaintiff's allegations, and accordingly, Defendants reserve the right to amend, modify, revise, or supplement this Answer and Affirmative Defenses, and to plead such further defenses and affirmative defenses and take such further actions as may be deemed proper and necessary in its defense upon the completion of investigation and discovery.

**DEFENDANTS/COUNTER-PLAINTIFFS' COUNTERCLAIMS AGAINST PLAINTIFF/COUNTER-DEFENDANT**

62.

Defendants/Counter-plaintiffs re-allege, and incorporate by reference, all matters denied, admitted and alleged above, and further allege counterclaims against Plaintiff/Counter-defendant as follows:

63.

Defendants/Counter-plaintiffs' are an Oregon business corporation and/or Oregon residents.

64.

Plaintiff/Counter-defendant is an individual residing in the State of Oregon.

65.

This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. 1367(a) in that all claims in this matter arise from a common nucleus of operative facts, and are so related that they form part of the same case or controversy, and that all actions would ordinarily be expected to be tried in one judicial proceeding.

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

## I. FIRST COUNTERCLAIM

**(Breach of Contract)**

66.

During the course of her employment, Plaintiff/Counter-defendant accepted a loan of $3,000.00 from Defendants/Counter-plaintiffs.

67.

It was understood that Plaintiff/Counter-defendant would pay back this loan within a reasonable amount of time or incur interest on the same.

68.

Plaintiff/Counter-defendant has failed to pay back the loan, interest, or any portion thereof.

69.

As a direct and proximate result of Plaintiff/Counter-defendant's statements, Defendants/Counter-plaintiffs suffered economic and non-economic damages in an amount to be proven at trial.

## II. SECOND COUNTERCLAIM

**(Defamation/Libel Per Se)**

70.

Following her termination in February 2022, Plaintiff/Counter-defendant repeatedly posted false information on her social media outlets about the terms of her termination, including, but not limited to, the allegation that Defendants/Counter-plaintiffs fired two other employees on the same day.

71.

As such, the false statements were of a nature that would diminish the respect, goodwill,

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

or confidence in which Defendants/Counter-plaintiffs were held, and prejudiced Defendants/Counter-plaintiffs in their profession. Plaintiff sought to demean Defendants on a public platform and falsely suggest the management of their business was arbitrary, capricious, and malicious.

72.

The false statements were made with malice and in reckless disregard for the truth.

73.

As a direct and proximate result of Plaintiff/Counter-defendant's statements, Defendants/Counter-plaintiffs suffered economic and non-economic damages in a variety of ways, including hinderance in recruiting, lowered employee morale and production, and loss of business and community stature in an amount to be proven at trial.

**III. THIRD COUNTERCLAIM**

**(Intentional Interference with Economic Relations)**

74.

At all material times, Plaintiff/Counter-defendant was employed by Defendants/Counter-plaintiffs.

75.

Plaintiff/Counter-defendant's prior alleged conduct in posting false information on social media and multiple conversations with friends and community members attaching and degrading the business and urging others not to engage with, do business or consort with their law practice was intentional and malicious and done with the intent to interfere with the business relationships of Defendants/Counter-plaintiffs as well as to cause as much harm to the reputation of Defendants/Counter-plaintiffs as possible.

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

76.

As a direct and proximate result of Plaintiff/Counter-defendant's malicious action in spreading of false information about Defendants/Counter-plaintiffs, Defendants/Counter-plaintiffs suffered and continue to suffer economic damages in an amount to be established at trial.

**RESERVATION OF RIGHTS AND PRAYER FOR RELIEF**

Defendants reserve the right to amend their Answer, Affirmative Defenses, and Counterclaims, including as warranted to conform with the evidence obtained during discovery.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants respectfully request the Court for the following relief:

1. For judgment against Plaintiff/Counter-defendants on the counterclaims for relief;
2. Economic and compensatory damages in an amount to be proven at trial;
3. Attorney fees and costs;
4. Pre-judgment and post-judgment interest at the highest rate allowed by law on all amounts awarded herein; and
5. Such other relief as the Court may deem appropriate.

Dated: July 7, 2022

LITTLER MENDELSON, P.C.

*/s/ Anthony D. Kuchulis*

Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Sharon Bolesky, OSB No. 062784
sbolesky@littler.com

Attorneys for Defendants

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309