IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

HEATHER ARAGON,

              Plaintiff,

    v.

RISE LAW GROUP, INC., *et al*,

              Defendants.

Case No. 1:22-cv-00935-CL

OPINION AND ORDER

CLARKE, Magistrate Judge.

This case comes before the Court on Plaintiff's Motion for Sanctions (#44) and Defendants' motions to Extend Discovery Deadline (#56) and to Compel Discovery (#57). For the reasons below, Plaintiff's motion is granted, and Defendants' motions are denied.

**I.    Plaintiff's Motion for Sanctions is GRANTED.**

"The duty to prepare a Rule 30(b)(6) designee goes beyond matters personally known to the witness or to matters in which the designated witness was personally involved. The duty to produce a prepared witness on designated topics extends to matters not only within the personal knowledge of the witness but on matters reasonably known by the responding party." *Great American Insurance Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008). Rule 30(b)(6) is designed "'to avoid the possibility that several officers and managing

Page 1 – ORDER

agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself."

"For these reasons, the purposes underlying Rule 30(b)(6) would be frustrated [if] a corporate party produces a witness who is unable . . . or unwilling to provide the necessary factual information on the entity's behalf." (D. Or. Jan. 11, 2016) *Updike v. Clackamas Cnty.*, 2016 WL 111424, Case No. 3:15-cv-00723-SI, *2 (D. Or. Jan 11, 2016) (*quoting Black Horse Lane Assoc., L.P. v Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000). If necessary, the rule requires that Defendants "must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits." *Updike*, 2016 WL 111424, at *2 (*citing United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996)).

"The Court has inherent authority to impose sanctions and Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of sanctions." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, No. 3:12-CV-1058-SI, 2019 WL 1500698, at *1 (D. Or. Apr. 5, 2019) (*citing Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Rule 37(c)(1) permits sanctions for failure to provide information requested under Rule 26(a) or (e). Rule 37(d)(1) authorizes sanctions for the failure to appear of a witness designated under Rule 30(b)(6). Moreover:

> If a party... or a witness designated under Rule 30(b)(6) fails to obey an order to provide or permit discovery... the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]
>
> ...

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 37(b)(2)(A)(i-ii), (C).

On October 9, 2023, Defendants filed a Motion to Quash (#26) seeking to stop Plaintiff's Notice of Deposition of Rise Law Group Inc Pursuant to FRCP 30(b)(6), which had been served on September 25, 2023. In their motion to quash, Defendants objected to the 30(b)(6) deposition notice because:

> the only RISE Law employees who would have the information to be able to answer the questions raised in the notice of deposition are the two attorney partners, Maryanne Pitcher and Jamie Hazlett, and the RISE Law Group administrator, Theresa Horner. All three individual have already been deposed in this matter, or in the Kirschbaum matter, which has been consolidated for depositions.

Defendants claimed that Plaintiff's failure to seek leave of the Court to depose one of these individuals for a second time violated FRCP 30(a)(2). Defendants also claimed that such a deposition would impose an undue burden and excessive costs on Defendants and would be unreasonably duplicative.

However, Plaintiff submitted evidence to show that the individuals previously deposed were unable or unwilling to answer questions about the Rise Law Group Inc., organization, about the data and charts the Defendants produced in discovery, and about Rise Law business and employment practices, including overtime, paid-time-off policies, and the decision to designate legal assistants as exempt. The Court agreed that Plaintiff was entitled to have such questions formally answered by the corporation. On December 20, 2023, the Court denied the Motion to Quash, and ordered: "Defendants must designate and prepare a 30(b)(6) witness, as required by

the rules, but the deposition shall be limited to four hours in duration, and must be taken remotely, unless the parties mutually agree to take it in person." (ECF #35).

On February 23, 2024, Plaintiff served Defendants with an amended Rule 30(b)(6) notice of deposition of the corporation, adding the topic of payroll documents of other employees provided by Defendants, per Court order. Defendants did not object to any topics in the notice.

On March 8, 2024, Defendants designated Ms. Pitcher to testify on behalf of Rise Law Group, Inc. During the deposition, Ms. Pitcher stated that she did not review any records or take any actions to prepare for the deposition, nor did she read the notice of the deposition to consider the topics that had been identified. This is insufficient preparation for a designated 30(b)(6) deponent.

On April 8, 2024, Plaintiff filed her Motion for Sanctions, and Defendants did not timely respond. A response was due on April 22, and no motion or request for an extension was filed. Defendants filed an untimely response on May 13, 2024, claiming that Plaintiff failed to comply with the requirements of Rule 30(b)(6), which state that the parties should confer in good faith about the matters for examination. Defendants assert that "the topics to be covered by Plaintiff remained a mystery until each topic was raised during the deposition." Def. Resp. pg 3 (#53). The Court finds this argument to be disingenuous. Plaintiff conducted three separate depositions of the administrators of Rise Law Group Inc. during the summer of 2023 and made it very clear what types of questions were not being answered to the proper extent. Plaintiff served the initial Notice of 30(b)(6) Deposition on September 25, 2023. Defendants filed and litigated a Motion to Quash as to that Notice, but they did not raise any issues with the topics identified. Similarly, after the Court ordered the 30(b)(6) deposition to take place, Plaintiff sent an amended Notice with an additional topic identified, and Defendants still raised no objection.

Plaintiff's Amended Notice of Deposition is attached to Plaintiff's Motion for Sanctions (#45-2). It stated that the 30(b)(6) designee should be prepared to testify regarding the following subjects during the relevant time period of 2020, 2021, or 2022 (unless otherwise stated):[1]

1. The meaning of all information provided in answer to Plaintiff's interrogatories and the source of the information provided in the answers. This specifically includes all original answers, amendments, and all excel charts Defendants provided to Plaintiff. Rise Law should be prepared to explain how to read and interpret the information in Defendants' Interrogatory answers and explain the meaning of data in each column of each spreadsheet or document. This includes, but is not limited to the document Bates Numbered RLG Aragon 01652; RLG Aragon 01713- 01715; RLG Aragon 02424 - 02426; and files named H.Aragon Past Employee Chart-R.xlsx; A. Kirschbaum Past Employee Chart-R.xlsx; 38.Aragon_Employee Info-01-10-2023 - D.pdf; 34.Employee List - ROG Chart - 08-16- 2023.pdf.

2. Explain Rise Law's PTO/vacation and sick time policy in each year of Plaintiff's employment; how the policy was implemented; how the policy was communicated to Plaintiff; and how Plaintiff's PTO/vacation and sick leave were calculated at the end of each calendar year of her employment.

3. Explain what documents or data Rise Law used to calculate Plaintiff's PTO/vacation and sick time balances and all corrections to those balances; what documents would show Plaintiff's correct PTO/vacation and sick leave balances for each pay period and year she was employed at Rise Law.

...

7. Explain how and when Rise Law determined whether Plaintiff was exempt from overtime as a legal assistant, paralegal, and lead paralegal, and who made this determination. This would include all information Rise Law used to make the determination.

...

18. Explain the process an employee would go through to be paid overtime by Rise Law during the relevant time period; the records that would show that an employee worked overtime; and Rise Law's retention policy on these documents or data.

The idea that Defendants had "little to no knowledge of the line of questions that will be asked" is simply not credible. Plaintiff requests as a sanction that Defendants be limited to their deposition testimony at summary judgment and trial. This request is GRANTED as to all of the topics identified in Plaintiff's February 2024 Amended Rule 30(b)(6) Notice of Deposition of the

---

[1] The list below is excerpted as an example of what is contained in the amended notice. In full, the document contains 26 numbered paragraph topics, spanning five pages.

Page 5 – ORDER

corporation. Plaintiff also seeks her attorney fees and costs for the deposition. This request is GRANTED. Plaintiff shall submit her reasonable fees and costs for the deposition for approval by the Court within 30 days of this Order.

## II. Defendants' informal Motion to Compel and Motion for Extension of Discovery Deadline are DENIED.

In an informal letter to the Court, (#57), Defendants raise issues with Plaintiff's production of discovery, including redacted text messages, social media communications, and current employee communications. Defendants state that their First Request for Admissions were served on March 22, 2024 – less than three weeks before the close of discovery. Plaintiff responded to that Request on April 22, 2024, producing some documents and objecting to some of the requests. Defendants state that they believed that Plaintiff planned to request an extension of the discovery deadline so that discovery issues could be resolved. A review of the correspondence submitted by Defendants shows that Plaintiff counsel indicated that she would be asking the Court to compel certain other discovery, including certain emails ordered by the Court, and that she would seek "to hold discovery open for that limited purpose." The Court denied Plaintiff's order to compel on April 18, 2024, however, and did not extend the discovery deadline.

On that same day, April 18, 2024, Plaintiff requested that the dispositive motion deadline be extended to July 8, 2024. This motion was granted (#51). Defendants did not file any motion or make any request for an extension of any deadlines. Therefore, discovery closed in this case on April 8, 2024.

On June 27, 2024, more than two months after the close of discovery, and less than two weeks before dispositive motions are due, Defendants moved to extend the discovery and dispositive motion deadline. Defendants claim that this motion should be granted under FRCP

Page 6 – ORDER

6(b)(1)(B) due to "excusable neglect." Defendants fail to show how their neglect in this case is excusable. Moreover, a review of the record regarding Defendants discovery issues and Plaintiff's responses does not convince the Court that Defendants' motions should be granted. Plaintiff has indicated sufficient reasoning to redact the irrelevant and personal substance of the text messages produced, and Defendants have not shown that this and the other requests are discoverable under FRCP 26(b)(1) ("any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" is discoverable). In addition, the request to compel such discovery is untimely. The Court can find no reason to re-open discovery or to order any further discovery produced in this case.

## ORDER

Plaintiff's Motion for Sanctions (#44) is GRANTED.

Defendants' motions (#56, #57) are DENIED.

Dispositive motions are due on July 8, 2024.

**IT IS SO ORDERED AND DATED THIS** __3__ **day of July, 2024.**

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Page 7 – ORDER