IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HEATHER ARAGON, | Civ. No. 1:22-cv-00935-CL |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| RISE LAW GROUP INC. ET AL. | |
| Defendants. | |

CLARKE, Magistrate Judge.

This case comes before the Court on Plaintiff's Motion for Attorney Fees (#75). The Court previously issued an Order (#60) granting Plaintiff's Motion for Sanctions (#44) due to an unprepared Fed. R. Civ. P. 30(b)(6) deposition. The Court also awarded reasonable attorney fees and costs. Plaintiff now moves to collect the fees and costs. For the reasons below, Plaintiff's motion is GRANTED.

**LEGAL STANDARD**

The Ninth Circuit has adopted the "lodestar" method for calculating attorney fees. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The court must then decide whether to enhance or reduce the

lodestar figure by evaluating several factors. *Moreno v. City of Sacremento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

The court may adjust the lodestar to account for factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Actors Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The court need only consider the factors not already subsumed in the initial lodestar calculation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000). There is a strong presumption that the lodestar method produces a reasonable figure and should only be enhanced or reduced in exceptional circumstances. *Del. Valley Citizens*, 478 U.S. at 565; *Fischer*, 214 F.3d at 1119 n.4. Courts have discretion, however, to adjust the lodestar figure either: (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable, *Hensley*, 461 U.S. at 435-36, or (2) upward in "rare" and "exceptional" cases. *Del. Valley Citizens*, 478 U.S. at 565.

## DISCUSSION

Plaintiff seeks an award of $17,595 in attorney fees and $1,545.95 in costs. Defendants do not object. The Court grants these fees and costs without adjustment.

///

A.   **Reasonable Hourly Rate**

The calculation of reasonable attorney fees begins with the lodestar calculation. The Court must therefore determine the reasonable hourly rate and multiply that rate by the number of hours reasonably expended in the case.

A reasonable hourly rate is determined by looking at "prevailing market rates in the relevant community," as well as the skill, experience, and reputation of the lawyer. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *United States v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015). The party requesting the fees has the burden of producing "satisfactory evidence," in addition to the affidavits of counsel, that the requested rates are in step with those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (internal quotation marks and citation omitted). The best evidence of the prevailing rates in Oregon is the Oregon State Bar Economic Survey, most recently issued in 2022. LR 54-3; *Roberts v. Interstate Distrib. Co.*, 242 F. Supp.2d 850, 857 (D. Or. 2002); *Mumford v. Electric Inst., Inc.*, Case No. 3:15-cv-00375-AC, 2016 WL 8711693, at *2 (D. Or. April 29, 2016).

The Oregon State Bar Economic Survey of 2022 breaks down hourly rates for attorneys based in Portland as follows:

| Years admitted to practice | 16-20 | 21-30 |
|---|---|---|
| **Mean rate** | $445 | $447 |
| **Median rate** | $425 | $450 |
| **95th percentile** | $683 | $697 |

Debi Elliott et al., *Oregon State Bar 2022 Economic Survey* (Mar. 2023), 22EconomicSurvey.pdf (osbar.org). In this case, Plaintiff had the assistance of two Portland-based attorneys. Stephanie

Brown, who was admitted to the Oregon State Bar in 2003, is requesting an hourly rate of $450. Karen Moore, admitted in 2004, is also requesting an hourly rate of $450. Considering the experience level and location of Plaintiff's attorneys, the Court concludes that a rate of $450 per hour for both attorneys is reasonable.

### B.  Reasonable Number of Hours

The party seeking the fee award bears the burden of demonstrating the number of hours spent was reasonably necessary to the litigation and that counsel made "a good faith effort to exclude from a fee-request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. This burden can be satisfied by submitting documentary evidence supporting the hours worked and fees claimed. *Id.* at 433; *United States v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015). Fee petitions that include inadequate detail or that fail to separate time for individual tasks may be totally or partially denied or apportioned accordingly. *See Fischer*, 214 F.3d at 1121 (noting district court has authority to reduce or deny fee requests that are "poorly documented.").

Plaintiff is seeking 22.20 hours for Ms. Brown and 16.90 hours for Ms. Moore, both at the $450 rate. Plaintiff's attorneys made voluntary reductions to the fees requested, reducing the total time billed by almost 10 hours from the total time recorded. After reviewing the documentary evidence, the Court is satisfied that Plaintiff's attorneys have provided sufficient detail regarding the hours worked and the tasks and the fees billed. Thus, the Court concludes the hours billed in this case are reasonable.

///

### C. *Kerr* Factors

The Court finds that the *Kerr* factors do not require an adjustment of the lodestar amount, which is presumed reasonable. Additionally, Defendants do not object to Plaintiff's attorneys' hourly rates or hours billed.

### D. Deposition Transcript and Video Costs

The Court previously approved Plaintiff's request for costs associated with the 30(b)(6) deposition of Rise Law. Plaintiff has submitted invoice records detailing the costs associated with the deposition. The invoice addressed to Ms. Brown charges a total of $470.00 for video services. The invoice addressed to Ms. Moore charges a total of $1,075.95 for transcript and associated services. In total the invoices add to $1,545.95 which is reflected in the costs requested by Plaintiff. The Court deems these costs reasonable.

### CONCLUSION

For the reasons set out above, Plaintiff's Motion for Attorney's Fees (#75) is GRANTED. Plaintiff is awarded reasonable and necessary attorney fees for the Fed. R. Civ. P. 30(b)(6) deposition of Rise Law in the amount of $17,595.00 and for costs and disbursements of $1,545.95.

IT IS SO ORDERED and DATED this 30 day of October, 2024.

MARK D. CLARKE
United States Magistrate Judge