IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

HEATHER ARAGON,  
        Plaintiff,

v.

RISE LAW GROUP, INC.;  
MARYANNE PITCHER; and  
JAMIE HAZLETT,

        Defendants.

Civ. No. 1:22-cv-00935-CL

**ORDER**

AIKEN, District Judge:

Before the Court are Findings and Recommendations ("F&R") filed by Magistrate Judge Mark D. Clarke. ECF No. 93. Judge Clarke recommends that Plaintiff's Motion for Partial Summary Judgment, ECF No. 61, be GRANTED in part and DENIED in part. For the reasons explained below, the Court ADOPTS Judge Clarke's F&R, ECF No. 93, with modification.

## LEGAL STANDARDS

Under the Federal Magistrates Act, a court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of

Page 1 – ORDER

the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

## DISCUSSION

Judge Clarke found that Plaintiff was a non-exempt employee under the FLSA, 29 U.S.C. § 201, *et seq.*, and was thus subject to the FLSA's wage and overtime pay requirements. He recommended that the Court grant summary judgment in Plaintiff's favor on this issue. Defendants filed Objections, ECF No. 101, to which Plaintiff responded, ECF No. 104. Judge Clarke also found that material factual disputes precluded summary judgment on the question of whether Plaintiff worked overtime and recommended that the Court deny summary judgment on that issue. Plaintiff filed Objections, ECF No. 97, to which Defendants responded, ECF No. 100.

I.  *Defendants' Objections*

Defendants assert that Judge Clarke erred when it found that Plaintiff was a non-exempt employee under the FLSA. Def. Obj. at 1–2. Defendants argue that there are genuine issues of material fact as to Plaintiff's exempt status both as a legal assistant and then as a paralegal at Defendants' firm, Rise Law. *Id.* After reviewing the record and the arguments, the Court concludes that the facts are not in dispute.

The FLSA requires that employers pay their employees time and a half for work exceeding forty hours per week. 29 U.S.C. § 207(a)(1). But the Act exempts persons "employed in a bona fide executive, administrative, or professional capacity[]" from the overtime pay requirement. 29 U.S.C. § 213(a)(1). An employer who claims that an employee is exempt from overtime pay has the burden of showing that the exemption applies. *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir.1983). Because the FLSA "is to be liberally construed to apply to the furthest reaches consistent with Congressional direction[,] FLSA exemptions are to be narrowly construed against employers and are to be withheld except as to persons plainly and unmistakenly within their terms and spirit." *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1124–25 (9th Cir. 2002) (internal quotation marks and citations omitted) (cleaned up).

Here, Defendants first argue that the F&R applied "the wrong burden of proof to Defendant[s'] claims." Def. Obj. at 9. Defendants assert that they need not "prove an exemption to the FLSA . . . by clear and affirmative evidence[,]" as stated in the F&R. *Id.* (internal quotation marks omitted). The Court agrees. In January 2025,

the Supreme Court changed an employer's burden from "clear and affirmative evidence" to "preponderance of the evidence." *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 54 (2025). Defendants' burden is now lower than it was before *E.M.D. Sales*. But the F&R error is harmless; it does not change the Court's determination that Plaintiff is a non-exempt employee under the FLSA, as explained below.

Defendants also argue that exemption determinations are too fact-based to be decided at the summary judgment stage. Def. Obj. at 2, 7. Defendants aptly note that "exemption determinations are questions of an 'intensely factual nature[,]'" *id.* at 7 (quoting *Nigg v. U.S. Postal Serv.*, 501 F.3d 1071, 1079 (9th Cir. 2007)), and that such determinations turn on "[h]ow a particular employee spends her time[,]" *id.* (quoting *Guanzon v. Vixxo Corp.*, No. CV-17-01157-PHX-DWL, 2019 WL 1586873, at *6 (D. Ariz. Feb 10, 2020)). But the "question of how an employee spends his or her workday is one of fact, while the question of whether his or her activities exclude him or her from the overtime-pay requirement is one of law." *Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383, 391 (9th Cir. 2011). Here, the facts about how Plaintiff spends her time are not in dispute. Before the Court is a question of law about whether Plaintiff's work activities qualify her as an exempt employee.

Defendants argue that Plaintiff is exempt because she performs administrative work. To determine whether an employee falls into an administrative exemption, courts examine the "nature of the work" that constitutes an employee's "primary duty." *See Clark v. J.M. Benson Co.*, 789 F.2d 282, 286–87 (4th Cir. 1986) ("the critical issue is the nature of the work"). "The term 'primary duty' means the principal, main,

Page 4 – ORDER

major or most important duty that the employee performs." 29 CFR § 541.700(a). "To qualify for exemption . . . , an employee's 'primary duty' must be the performance of exempt work." *Id.* Exempt work of an administrative nature means that the employee performs "office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and that the employee exercises "discretion and independent judgment with respect to [those administrative] matters of significance." 29 CFR § 541.200(a). Administrative work, which is exempt, is distinct from production work, which is not exempt. *See* 29 CFR § 541.201(a). Production work contributes to "the goods and services which constitute the business' marketplace offerings" while administrative work "contributes to running the business itself." *Bothell*, 299 F.3d at 1124–25 (internal quotation marks and citation omitted); *see also McKeen-Chaplin v. Provident Sav. Bank, FSB*, 862 F.3d 847, 852–53 (9th Cir. 2017) (approving the Second Circuit's analysis distinguishing "functional" (production) work from "conceptual" (administrative) work, the latter of which involves "determining the future strategy or direction of the business . . . [and] other function[s] . . . related to the business's overall efficiency or mode of operation") (quoting *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 535 (2d Cir. 2009)).

Here, the parties do not dispute that Rise Law's marketplace offering is legal services. The parties do not dispute that Rise Law's legal assistant and paralegal job descriptions do not include duties that are "directly related to the management or general business operations" of the firm but instead include duties that produce or support attorney production of client-specific legal services. *See* Brown Decl., Job

Descriptions, Ex. 18 at 1, ECF No. 68-1. Such duties include maintaining files, monitoring and informing attorneys of case progress, drafting pleadings and other documents, conducting legal research, and communicating with clients, among other things. *Id.* The parties do not dispute that when Plaintiff performed her legal assistant and her paralegal job duties, she entered each client-specific production task into Clio, "a cloud-based comprehensive case management software" that records billable hours, including the date the task was performed and how much time the task required. Pl. Mot. at 5; Brown Decl., Pitcher Dep. 192:04–06, ECF No. 65-1; Horner Dep. 72:10–78:19, ECF No. 65-4. The parties do not dispute that Plaintiff was required to bill clients seven hours each day for the work that she produced. The parties do not dispute that the work for which Plaintiff billed clients was client-specific production work—not administrative work that "directly related to the management or general business operations of the employer." 29 CFR § 541.200(a). So, the parties do not dispute that, for seven hours of each workday, Plaintiff performed client-specific production work, not administrative work.

Defendants, however, contend that Plaintiff performed, in addition to her client-specific production work, duties that, viewed in the light most favorable to Defendants, might qualify as "administrative" work under the FLSA. Defendants assert, for example, that Plaintiff "overs[aw] attorney Jamie Hazlett's legal team," "coordinat[ed] assignments and direct[ed] workflow on cases from start to finish[,]" "trained other assistants and clerks," "managed firm templates for future use," and "began participating in Rise's personnel decisions." Def. Resp. at 5, ECF No. 79.

Page 6 – ORDER

Plaintiff does not dispute that she performed additional duties outside the seven hours per day that she produced the legal services documented in Clio. But she argues that the additional work did not constitute her primary duties. Pl. Reply at 31, 35–39. ECF No. 81. The Court agrees. Under the governing regulations, exempt work may constitute an employee's primary duty work if an employee "spend[s] more than 50 percent of their time performing exempt work[.]" 29 CFR § 541.700(b). But "time alone . . . is not the sole test[,]" and "[e]mployees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion."

Here, unless Plaintiff worked more than 14 hours per day, she did not spend more than 50 percent of her time on administrative work. Instead, the record shows that Plaintiff spent seven out of eight hours each day on production work. But time is "not the sole test." Defendants thus have the burden to show, by a preponderance of the evidence, that Plaintiff's administrative tasks, which could have taken no more than one hour each day, constituted her primary work or "principal, main, major or most important duty." After reviewing the record, the Court concludes that Defendants fail to carry that burden. Plaintiff is thus entitled to summary judgment on the determination that she was a non-exempt employee under the FLSA.

II.   *Plaintiff's Objections*

Plaintiff objects that Judge Clarke erred when he found that there were "sufficient factual discrepancies" to deny summary judgment on the question of whether Plaintiff worked overtime and asserts that he failed to "identify[] what those

Page 7 – ORDER

discrepancies were." Pl. Obj. at 1. Plaintiff maintains that she has satisfie[d] [her] burden to demonstrate overtime by a 'just and reasonable inference.'" *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

The parties agree that Plaintiff "liked to work[,]" that "she had a lot of flexibility[,]" that "she worked after 5 p.m.[,]" and that she worked on her work-issued laptop at home both during and after Rise Law's COVID-era work-from-home period. Moore Decl., Ex. 1, Pitcher Dep. 186:08–188:01. Under the FLSA, "[w]ork not requested but suffered or permitted is work time. . . . The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time." 29 CFR § 785.11. "In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed." 29 CFR § 785.13. "It cannot sit back and accept the benefits without compensating for them." *Id.*

Under the FLSA and Oregon law, an employer has the duty to keep a record of employee work hours. *See* 29 CFR § 1620.32; ORS 653.045; OAR 839-020-0080; OAR 839-020-0083(2) ("All employers shall keep such records in a safe and accessible place."). And, Plaintiff, who has the burden to show that she worked overtime hours, may rely on those records. *Anderson*, 328 U.S. at 687. But, here, the parties agree that Defendants failed to keep such records. When an employee has no records on which to rely, that employee need only (1) prove that she has in fact performed work for which she is owed overtime, and (2) produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.*

But "[t]he just and reasonable inference standard applies to damages questions only *after* an employee has met the initial burden to establish liability by showing that the employee performed uncompensated overtime work." *Osborn v. JAB Mgmt. Servs., Inc.*, 126 F.4th 1250, 1256 (7th Cir. 2025) (internal quotation marks, brackets, and citation omitted) (emphasis in original).

Here, the parties dispute the facts underlying the determination of whether Plaintiff worked overtime. Plaintiff filed Clio data showing the first and last Clio entries for each workday during twelve weeks in 2020. Pl. Mot. 16–17; Moore Decl. Exs. A & B, ECF Nos. 70-1 & 70-2. Plaintiff argues that she can apply the continuous workday rule on a specific day to show that, from the first Clio entry of that day to the last Clio entry of that day, she worked more than eight hours (after subtracting an hour for lunch). *Id.* For example, Plaintiff argues that the week of March 2 through March 6, 2020 is representative of the time she worked as a legal assistant. Pl. Mot. at 16. Based on the first and last Clio entries for each day of that week, she calculates that she worked a total 48.32 hours or 8.32 overtime hours that week. *Id.* Plaintiff also argues that the week of November 2 through March 6, 2020 is representative of the time she worked as a paralegal. *Id.* Again, based on the first and last Clio entries for each day of that week, Plaintiff calculates that she worked a total 47.88 or 7.88 overtime hours that week. *Id.*

Plaintiff argues that she is entitled to a "just and reasonable inference" that she worked overtime based on the twelve weeks of Clio data, the continuous workday rule, and testimony from Defendants and co-workers that Plaintiff worked long

Page 9 – ORDER

hours, that she started before 8 a.m. and worked after 5 p.m. Pl. Mot. at 17–21 (quoting deposition testimony from Defendant Pritcher, Attorney Gehr, former office manager Hill, and text messages between Plaintiff and Defendants). But, as the *Osborn* Court explained, the just and reasonable inference "does not apply to the employee's threshold burden of proving a violation of the FLSA." *Osborn*, 126 F.4th at 1256. "On [the] question [of] whether the plaintiff worked overtime at all . . . the typical burden of proof applies." *Id.* at 1257.

Defendants argue that "Plaintiff's overtime estimates only span March 2, 2020 to December 4, 2020—a period in which she worked almost entirely remotely due to the COVID-19 pandemic." Def. Resp. at 17. Plaintiff disagrees. She maintains that "she and other employees were remote [only] from approximately March 18 through April 20, 2020." Pl. Reply at 16 (citing Aragon Decl. ¶ 4, ECF No. 84). Defendants also argue that Plaintiff had "freedom to take breaks in the middle of the workday, allowing her to manage childcare and personal matters," Def. Resp at 6 (citing Hazlett Decl. ¶¶ 33–41, 60, 56, 65, 66, 73, ECF No. 80), that she was permitted to "make up the time accordingly[,]"*id.,* and that Plaintiff cannot explain "significant gaps" in the Clio record that occurred during the sampled workdays, *id.* at 17–18, 22. Defendants maintain that the continuous workday rule does not apply in these circumstances. *Id.* at 18–20.

The Court thus identifies several disputes of material fact that preclude summary judgment in Plaintiff's favor. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that

Page 10 – ORDER

no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Here, given the disputed facts, viewed in the light most favorable to the non-movant, the Court cannot conclude that no reasonable trier of fact could find for Defendants. Plaintiff is thus not entitled to summary judgment on whether she worked overtime.

## CONCLUSION

For the reasons explained above, the F&R, ECF No. 93, is ADOPTED with modification in accord with this Opinion. Plaintiff's Motion for Partial Summary Judgment, ECF No. 61, is GRANTED in part and DENIED in part.

It is so ORDERED and DATED this __29th__ day of September 2025.

                                         /s/Ann Aiken
                                         ANN AIKEN
                                         United States District Judge